## No. 4946.

### STATE OF LOUISIANA ex rel. GARTHWAITE, LEWIS & MILLER v. THE JUDGE OF THE FOURTH DISTRICT COURT, Parish of Orleans.

Where the judge a quo, on a rule to show cause, answered: that several days after the rendition of the judgment by the jury, the defendant's counsel importuned him to sign a document tendered to him as a bill of exceptions; that respondent refused to sign the document presented, because it was not a bill of exceptions; that bills of exceptions can only be taken in civil cases during the trial; that they must show upon their face that they were signed at the trial, and that no bill of exceptions will lie after the trial and rendition of a verdict; that the counsel of the defendant on the Saturday previous to the Monday on which the verdict of the jury was rendered, did not ask to be allowed a bill of exceptions to the action of the court;

Held—That the respondent, in the main, assigned reasonable cause for declining to sign the bill of exceptions.

APPLICATION for a mandamus directed to the judge of the Fourth District Court, parish of Orleans. *Labatt, Aroni & Clinton*, for relators. *Judge Lynch, in propria persona.*

TALIAFERRO, J. The relators complain that the judge of the Fourth District Court refused to sign a bill of exceptions taken on their behalf in a suit that was pending in that court, wherein J. H. Hopkins was plaintiff and Garthwaite, Lewis & Miller were defendants; that relators set forth that they are desirous of appealing from the judgment rendered against them in that case, founded upon the verdict of a jury, and that without the said bill of exceptions signed by the judge they would be unable to complete the transcript of appeal.

The following is the bill of exceptions relators complain the judge refused to sign:

"Be it remembered that on Monday, the thirtieth of June, 1873, immediately after the opening of this honorable court, and in presence of judge and jury, but before the reception and opening of their verdict and conclusions, and in order to preserve the rights of the defendants, so that they may not be prejudiced by silence, apparent

acquiescence or any omission, whether the said verdict be for or against them; that David C. Labatt, one of the defendant's counsel, in open court, in presence of judge and jury, heretofore sworn herein, then and there arose and excepted and objected to the reception of said verdict or sealed document by them presented on the following grounds:

"*First*—That by the minutes of the court of Saturday, June 28, 1873, in this case, which are made part hereof, this honorable court on said Saturday, after sending the jury into the jury room a second time to deliberate further, adjourned the court to Monday, June 30; that consequently there was intervening Sunday, twenty-ninth of June, on which the court could not and did not hold session, and did not intend to hold session, and by the terms of article 529, Code of Practice, the court was without lawful power or authority to direct a sealed verdict to be rendered in this case, or any other verdict, unless it adjourned to meet next day, and the same, whether sealed or not, is therefore absolutely null and void and vicious; that the court was in this case composed of judge and jury, and when the court adjourned on Saturday, only to meet again on Monday, the jury *ipso facto* was *functus officio* and *ex necessitate rei* defunct and discharged *quoad* this case, and utterly incompetent to render any verdict whatever.

"*Second*—That counsel for defendant did on said Saturday, just before the adjournment aforesaid, about 6:30 P. M., rise and inform the court that under the circumstances, as stated in the first ground above, a verdict obtained before twelve o'clock M. that night, unless the court was in session to receive it, or intended to be holden on Sunday, the next day, would be illegal, null and void; and counsel referred to the practice in this and other civil courts in that regard, and called upon the deputy clerk to state whether or not such was his experience, and to which he assented; but the court declined to receive any advice or suggestion, remarking that counsel was only acting in the interest of his client, who wanted the jury discharged, and that the point was not well taken, and persisted in refusing to discharge the jury.

"*Third*—That article 529, Code of Practice, is clear and distinct, and only permits a sealed verdict under certain circumstances, to wit: 'When the court adjourns to meet the following day,' which was not done in this case, and therefore the action of the jury was and is illegal, contrary to law, and *coram non judice* absolutely null and void, and should not be received or recognized by the court."

To a rule to show cause, the judge of the Fourth District Court responds that upon the Monday following the adjournment of the court, on the evening of the previous Saturday, when the sealed verdict of the jury, previously returned to him at the hour of one o'clock

A. M. of that day, was about to be read in open court, the defendant's counsel rose and objected to the reception of the sealed verdict, and offered to read some document which he held in his hand, whereupon the counsel was informed by the court that he could not be permitted to read any document at that time or to prevent the reading of the verdict, and that the counsel was then informed that if there were anything irregular or illegal in the action of the jury or of the court, it would be ground that might be set up on a motion for a new trial, and in that way might be placed in the record and presented for examination by this court on appeal. The respondent says that several days after the rendition of the verdict by the jury, the defendant's counsel importuned him to sign a document tendered to him as a bill of exceptions, and alleged to be the same the counsel had offered to read on Monday previous before the court and jury; that respondent refused to sign the document presented; that it is not a bill of exceptions; that bills of exception can only be taken in civil cases during the trial; that they must show upon their face that they were signed at the trial, and that no bill of exceptions will lie after the trial and rendition of the verdict; that the counsel of the defendant, on the Saturday previous to the Monday on which the verdict of the jury was rendered, did not ask to be allowed a bill of exceptions to the action of the court.

We think the respondent, in the main, assigns reasonable cause for declining to sign the bill of exceptions tendered.

It is therefore ordered that the rule be discharged at the cost of the relators.